UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
Biwen Liang

                        Case No. 1:17-cv- Civ-03503-WFK-ST

         Plaintiff,
   v.                                         **ANSWER TO**
                                                 **AMENDED COMPLAINT**
Home Reno Concepts LLC, Home Beyond Center LLC,
Beina Chen, Yan Myers, Irene Chen,
Tao Yang, and DOES 1-5,

         Defendants.
-----------------------------------------------------------------X

      Defendants Home Reno Concepts LLC (hereinafter "Home Reno"), Home Beyond Center LLC (hereinafter "Home Beyond"), Beina Chen (hereinafter "Beina"), Irene Chen (hereinafter "Irene"), Yan Myers (hereinafter "Myers") and Tao Yang (hereinafter "Tao"), by and through their attorneys, Law Offices of Jin Huang, hereby answer the complaint in this matter as follows:

      1.    Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 1 of the Complaint, and therefore deny such allegations.

      2.    Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 2 of the Complaint, and therefore deny such allegations.

      3.    Deny the allegations set forth in Paragraph 3 of the Complaint.

      4.    Deny the allegations set forth in Paragraph 4 of the Complaint, as Plaintiff fails to allege sufficient facts to meet the pleading requirements of a RICO claim.

5. Deny the allegations set forth in Paragraph 5 of the Complaint, as Plaintiff fails to allege sufficient facts to meet the pleading requirements of a RICO claim, therefore the court does not have supplemental jurisdiction.

6. Admit the allegations set forth in Paragraph 6 of the Complaint.

7. Deny the allegations set forth in Paragraph 7 of the Complaint.

8. Admit the allegations set forth in Paragraph 8 of the Complaint.

9. Admit the allegations set forth in Paragraph 9 of the Complaint to the extent that Home Reno Concepts LLC (hereinafter "Home Reno") is a New York company with its principal place of business on 249-13 Northern Blvd, Little Neck, NY 11362, and deny rest of the allegations set forth in said paragraph.

10. Admit the allegations set forth in Paragraph 10 of the Complaint to the extent that Home Beyond Center LLC (hereinafter "Home Beyond") is a New York company with its principal place of business on 249-13 Northern Blvd, Little Neck, NY 11362 and that it has an office at 770 East Jericho Turnpike, Huntington Station, NY 11746, and deny rest of the allegations set forth in said paragraph.

11. Admit the allegations set forth in Paragraph 11 of the Complaint to the extent that Beina Chen/Irene Chen, Yan Myers, are owners, members of Home Beyond and Home Reno, and deny rest of the allegations set forth in said paragraph.

12. Deny the allegations set forth in Paragraph 12 of the Complaint.

13. Admit the allegations set forth in Paragraph 13 of the Complaint to the extent that Home Reno/Home Beyond did hire some subcontractors to perform certain electricity, masonry and painting work, deny rest of the allegations set forth in said paragraph.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

15. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 15 of the Complaint, and therefore deny such allegations.

16. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 16 of the Complaint, and therefore deny such allegations.

17. Admit the allegations set forth in Paragraph 17 of the Complaint to the extent that Home Reno/Home Beyond maintained the website. Lack information sufficient to form a belief with respect to rest of the allegations set forth in Paragraph 17 of the Complaint, and therefore deny such allegations.

18. Admit the allegations set forth in Paragraph 18 of the Complaint to the extent that Beina Chen the website maintained by Home Reno/Home Beyond was registered by Irene Chen, deny rest of the allegations set forth in said paragraph.

19. Deny the allegations set forth in Paragraph 19 of the Complaint.

20. Admit the allegations set forth in Paragraph 20 of the Complaint to the extent that a contract for service was signed in or about July 2016 between Plaintiff and Home Reno/Home Beyond, deny rest of the allegations set forth in Paragraph 20 of the Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint.

23. Admit the allegations set forth in Paragraph 23 of the Complaint to the extent that a contract for service was signed in or about July 2016 between Plaintiff and Home Reno/Home Beyond, deny rest of the allegations set forth in Paragraph 23 of the Complaint.

24. Deny the allegations set forth in Paragraph 24 of the Complaint.

25. Deny the allegations set forth in Paragraph 25 of the Complaint..

26. Admit the allegations set forth in Paragraph 26 of the Complaint to the extent that Home Reno did hire Mr. Chen to replace oil tank to gas tank, deny rest of the allegations set forth in Paragraph 24 of the Complaint.

27. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 27 of the Complaint concerning Mr. Chen's conduct, therefore deny such allegations. Deny rest of the allegations set forth in said paragraph.

28. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 28 of the Complaint concerning Mr. Chen's knowledge and conduct, therefore deny such allegations. Deny rest of the allegations set forth in said paragraph.

29. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the allegation set forth in Paragraph 30 of the Complaint that there was no unpaid balance, admit rest of the allegations set forth in said Paragraph 30.

31. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 31 of the Complaint, and therefore deny such allegations.

32. Admit the allegations set forth in Paragraph 32 of the Complaint to the extent that there were text messages between Plaintiff and Home Reno, deny rest of the allegations set forth in said paragraph.

33. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the allegations set forth in Paragraph 34 of the Complaint.

35. Admit the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Complaint.

38. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 38 of the Complaint concerning Mr. Huang's conduct, therefore deny such allegations. Deny rest of the allegations set forth in said paragraph.

39. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 39 of the Complaint concerning Mr. Huang's knowledge and conduct, therefore deny such allegations. Deny rest of the allegations set forth in said paragraph.

40. Lack information sufficient to form a belief with respect to the allegations set forth in Paragraph 38 of the Complaint.

41. Deny the allegations set forth in Paragraph 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61,62, 63, 64, 65, 66, 67,68, 69, 70,71, 72,73,74,75,76, 77,78, 79, 80 of the Complaint.

## DEFENDANT'S STATEMENT OF FACTS

42. Established in 2012, Home Beyond was licensed to provide home remolding and renovation service in New York City and on Long Island. **Exhibit A.**

43. Over the years Home Beyond had worked with architects, contractors and other licensed professionals in completing numerous home remolding and renovation projects for both commercial and residential customers.

44. Some of the building permits and sign-off papers applied for and obtained by Home Beyond is annexed as **Exhibit B**.

45. In or about 2015, because some member left the company, Beina Chen and Yan Myers decided to close down the showroom located at 770 Eat Jericho Turnpike, Huntington

Station, NY 11746 and consolidate business operations to one location at 249-13 Northern Blvd, Little Neck, NY 11362.

46. Beina Chen and Yan Myers established Home Reno in 2016 and planned to move the remaining business of Home Beyond to Home Reno.

47. When the contract was signed with Plaintiff, both Home Reno and Home Beyond have only two members, Beina Chen a/k/a Irene Chen and Yan Myers. Yao Yang is not a member of either Home Reno or Home Beyond. He was never involved in the operational and management activities of either company.

48. When Plaintiff met with Beina Chen and Yan Myers in or about July 2015, they repeatedly advised Plaintiff the need to retain the services of an architect to submit an application to the building department for a work permit, and this would incur additional expenses for Plaintiff.

49. Plaintiff insisted on not applying to the building department for permit as she wanted to save money.

50. Home Reno/Home Beyond had successfully applied and obtained work permits for many customers in the past, and could have easily done that for Plaintiff had Plaintiff agreed.

AS AND FOR FIRST AFFIRMATIVE DEFENSE: LACK OF SUBJECT JURISDICTION

51. Defendants repeat and reallege each and every paragraph from1 through 50 as if more fully set forth at length herein.

52. The Court does not subject jurisdiction over Defendants because Plaintiff does not meet the pleading requirements of a RICO claim based on mail and wire fraud.

53. There is no scheme to defraud, nor is there intent to defraud. Defendants Home Reno/Home Beyond is licensed in Nassau County and New York City to provide home improvement services.

54. Defendants had worked with architects, contractors and other licensed professionals in completing numerous home remolding and renovation projects for both commercial and residential customers.

55. Plaintiff pled only one predicate act, i.e., Defendants have allegedly made misrepresentations in its website with respect to their licenses and insurance.

56. A RICO claim requires at least two predicate acts to establish a pattern.

57. It appears Plaintiff tried to allege Defendant Beina Chen's use of text messages as another predicate act.

58. However, Plaintiff failed to plead the time, place and content of the text message.

59. Plaintiff tries to shoehorn a possible ordinary business or contract dispute into a RICO claim by claiming Defendants are engaging in an "open-ended scheme" to establish "a pattern of racketeering activity." (Amended Complaint, Par. 45.)

60. However, Plaintiff failed to allege Defendants were primarily engaged in "racketeering activities."

61. Assuming the facts alleged by Plaintiff are true, she only identified only one victim, herself.

62. Plaintiff also failed to provide any evidence that the predicate acts, i.e., maintaining a website and sending text messages are "regular way of operating" the home renovation business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity.

63. Thus, Plaintiff failed to meet the pleading requirements of "open-ended scheme." There is no "pattern of racketeering activity" in the alleged mail or wire fraud.

64. Plaintiff failed to meet the pleading requirement of a RICO claim.

65. The court does not have subject matter jurisdiction over the Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE: LACK OF PERSONAL JURISDCTION

66. Defendants repeat and reallege each and every paragraph from1 through 65 as if more fully set forth at length herein.

67. As stated above, the court does not have subject matter jurisdiction.

68. And there is no diversity of citizenship between Plaintiff and Defendants Home Reno, Home Beyond, Beina Chen, Yan Meyers and Tao Yang.

69. Plaintiff's complaint should be dismissed for lack of personal jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:  PLAINTIFF FAILED TO SATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

70. Defendants repeat and reallege each and every paragraph from1 through 69 as if more fully set forth at length herein.

71. The Supreme Court held that Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.Twombly*, 550 U.S. at 555.

72. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). *Ashcroft v. Iqbal*, 556 U.S. 662,

73. Plaintiff fails to state a claim upon which relief can be granted under this standard.

74. As stated above, in pleading "pattern" element of mail and wire fraud claim, Plaintiff did not plead sufficient facts to allow the court to draw there is a threat of continued criminal activity.

75. In pleading an open-ended scheme, Plaintiff must alleged sufficient facts to show: 1) the predicate acts are inherently unlawful, or 2) where the enterprise primarily conducts a legitimate business, there must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity.

76. Plaintiff failed to provide any evidence that the alleged predicate acts, i.e., maintaining a website and sending text messages are inherently unlawful, or are "regular way of operating" the home renovation business, or that the nature of those predicate acts themselves implies a threat of continued criminal activity.

77. Plaintiff's a "formulaic recitation of the elements of a cause of action will not do."

78. Plaintiff's complaint should be dismissed under Fed.R.Civ.P 12(c).

## AS AND FOR A FORUTH AFFIRMATIVE DEFENSE

79. Defendants repeat and reallege each and every paragraph from1 through 78 as if more fully set forth at length herein.

80. Defendants Beina Chen and Irene Chen are the same person. Any claims against Irene Chen should be withdrawn or dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

81. Defendants repeat and reallege each and every paragraph from1 through 80 as if more fully set forth at length herein.

82. Defendant Tao Yang did not manage or participate in the operational activities of Home Reno, or Home Beyond. Any claims against Tao Chen should be withdrawn or dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

83. Defendants repeat and reallege each and every paragraph from1 through 82 as if more fully set forth at length herein.

84. As stated above, because the court has neither subjection jurisdiction or personal jurisdiction, Plaintiff state law claims should be dismissed.

WHEREFORE, Defendants respectfully requests the following relief from the court:

a. An order that Plaintiff's Complaint be dismissed in its entirety with prejudice;

b. Awarding Defendants the costs of suit, including the reasonable attorneys' fees;

c. Such other and further relief as the Court deems just and proper.

Dated: September 15, 2017

Law Offices of Jin Huang
*Attorneys for Defendants*

 /s/Jin Huang_____
Jin Huang, Esq.
36-09 Main Street, Suite 10A
Flushing, NY 11354
Tel: (718) 321-2911
Fax: (718) 321-2225