UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BIWEN LIANG,

        Plaintiff,

                    **ORDER**
  -against-             17-CV-3503-SJB

HOME RENO CONCEPTS LLC,
HOME BEYOND CENTER LLC,
BEINA CHEN,
YAN MYERS,
IRENE CHEN,
TAO YANG,

        Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

  Plaintiff Biwen Liang ("Liang") brought the instant action against Defendants Home Reno Concepts LLC, Home Beyond Center LLC, Beina Chen, Yan Myers, Jinshan Jia, Irene Chen, Tao Yang, and Pengshi Huang (collectively "Home Reno" or "Defendants"). Liang's first Complaint contained claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961(c) ("RICO"), RICO conspiracy, New York General Business Law §§ 349 and 771-772, fraud, breach of contract, and unjust enrichment. The parties consented to magistrate judge jurisdiction for all proceedings. (Dkt. Nos. 16, 19). Currently pending before the Court are the following motions:

- Motion for Judgement on the Pleadings by Defendants (Dkt. No. 23),
- First Motion to Amend the Complaint by Plaintiff (Dkt. No. 37),
- Second Motion to Amend the Complaint by Plaintiff (Dkt. No. 41).

Procedural History

The Complaint was filed on June 9, 2017. (Dkt. No. 1). After Defendants filed an answer on August 8, 2017, adding a breach of contract counterclaim (Dkt. No. 9), Liang filed an amended complaint; answered the counterclaim, and dismissed the action against two parties: Jinshan Jia and Pengshi Huang (Dkt. No. 11).[1]

On October 23, 2017, Defendants filed a motion for judgment on the pleadings arguing that the RICO and RICO conspiracy claims fail to allege a pattern of racketeering activity. (Dkt. No. 23). Defendants argued that Liang failed 1) to plead sufficient facts to survive a motion to dismiss under Fed. R. Civ. P. 12(c), 2) to establish the predicate acts necessary to show a pattern of racketeering activity under RICO, 3) to meet the continuity requirement necessary to establish a pattern of racketeering activity, and 4) to plead violations of wire fraud necessary for a RICO conspiracy claim. (Pl. Br. at 3-11).

On January 5, 2018, Liang filed a motion to amend and to file a Second Amended Complaint. (Dkt. No. 37). In that motion Liang sought to add, *inter alia*, new facts about Defendants' operation of a company website, internet advertisements, and posts on Facebook and Yelp.com, and additional facts regarding Defendants' text messages and emails. (*Id.*, Ex. A at 5-7). On February 19, 2018, Liang filed a second motion to amend. (Dkt. No. 41). In this second motion Liang seeks to amend the proposed Second Amended Complaint and file a Third Amended Complaint alleging that 1) Home Reno's continued advertising itself as a licensed entity in a print newspaper; 2) Defendants market themselves under the name "Cozy Home Beyond;" 3) the full name

---

[1] On November 30, 2017, Defendants withdrew this counterclaim. (Dkt. No. 31).

of the subcontractor; 4) that liquid waste was dumped into Liang's back yard after the heating system was installed; and 5) the heating system dispensed hazardous fumes into her home. (*Id.* at 1).

For the reasons stated below, the second motion to amend is granted. The Third Amended Complaint, proposed in Dkt. No. 41—the Motion for Leave to File Document (2nd Motion to Amend Compl.), will serve as the operative complaint for the remainder of this action. Liang will not be permitted to file another amended complaint, having already filed several complaints and multiple motions to amend, and had an opportunity to review Defendants' arguments in their motion on the pleadings. Defendants may file a motion to dismiss the Third Amended Complaint, and do so by April 23, 2018. Any dismissal of any claims in the Third Amended Complaint shall be with prejudice, in light the ample opportunity to amend afforded to Liang.

## Discussion

Rule 15(a)(2) applies to Liang's motion because this is the third amendment. The Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) (stating that leave to amend "should generally be denied

3

in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.").

Defendants argue that both proposed amended complaints would be futile. (Dkt. Nos. 39 & 42). The basis for their futility argument mirrors the arguments currently present before the Court on Defendants' motion on the pleadings: that Liang cannot state a RICO claim. (*Compare* Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint dated October 23, 2017, Dkt. No. 23 at 4 ("Plaintiff failed to plead sufficient facts to allow the court to draw the reasonable conclusion that Defendants in fact committed predict[ate] acts of wire fraud, and failed to establish that Defendants had engaged in 'a pattern of racketeering activities.'") *with* Affirmation in Response to Plaintiff's Motion to Amend the Complaint dated January 19, 2018, Dkt. No. 39 ¶ 3 ("Plaintiff's proposed amendments are futile in light of Defendants['] previously filed motion to dismiss on pleadings[.]") *and* Response to Plaintiff's Request for Leave to File Document dated February 26, 2018, Dkt. No. 42 at 2 ("Plaintiff's proposed amendments are futile in light of Defendants previously filed motion to dismiss on pleadings[.]"). In deciding the futility question the Court is confronted with the same or nearly the same arguments that are the basis of the motion on the pleadings. *See id.* Were the Court to deny leave to amend (either to file the second or third amended complaint), but grant the motion on the pleadings, Liang would file yet another complaint, because any dismissal would likely be without prejudice. *See, e.g.*, *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198-99 (2d Cir. 1990) ("Since Ronzani had not previously been given leave to amend, and had offered to amend his complaint, we hold that the court abused its discretion in dismissing the complaint without leave to amend.

4

In reaching this conclusion, we reject Sanofi's contention that the district court properly dismissed the amended complaint without leave to amend since an amendment would have served no purpose."). However, in this instance, Liang had several months to contemplate the arguments proffered by Defendants in the motion on the pleadings, and has offered two new amended complaints in which additional factual matter has been included. Were leave to amend granted, and Defendants moved to dismiss the Third Amended Complaint, then any dismissal would be with prejudice. *Tyler v. Liz Claiborne, Inc.*, 814 F. Supp. 2d 323, 344 (S.D.N.Y. 2011) ("[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead. . . . However, as plaintiff has already amended his complaint twice, dismissal with prejudice is appropriate at this stage in the litigation.") (quotations and citations omitted); *see, e.g.*, *Dyson v. New York Health Care, Inc.*, 353 F. App'x 502, 503 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice. . . . Moreover, the district court afforded Dyson three opportunities to file an amended complaint[.]"). A plaintiff is simply not entitled to amendments *ad infinitum*. *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (plaintiff was not entitled to "a third go-around").

Were leave to amend denied—on the basis of the futility of amendment—the Court would be opining on the RICO claim twice: once now in resolution of the motion to amend, and again in deciding the motion on the pleadings. "Had [Defendants] simply acquiesced to the filing of an amended pleading—notwithstanding its belief that these additional allegations were still insufficient to overcome its Rule 12(b)(6) argument—it could have avoided the piecemeal approach it has taken here—namely a Motion [on the Pleadings] and a separate Response in Opposition to Plaintiff's

5

Motion[s] to Amend that separately address the exact same issue." *Byorick v. CAS, Inc.*, No. 14-CV-2200, 2015 WL 302147, at *2 (D. Col. Jan. 22, 2015). It is a far better conservation of judicial and party resources to permit the amendment, declare the Third Amended Complaint as the operative complaint, and let any order on a motion to dismiss determine the facial validity of the RICO claim. *See, e.g., id.* (noting that futility argument "places the cart before the horse" and better approach is to renew motion to dismiss); *Radomski v. Anchor Funding Corp.*, No. 13-CV-0753, 2014 WL 12543913, at *2 (N.D. Ga. Mar. 4, 2014) ("Rather than dismiss the complaint under Rule 12(b)(6), the Court will give plaintiff an opportunity to amend the complaint under Rule 15(a). Following the amendment, defendants will be permitted to renew their motions to dismiss."). And Defendants are in no worse position because they may assert any legal arguments in a motion to dismiss the Third Amended Complaint. "[I]f amendment is indeed futile, granting leave to amend should have no prejudicial effect on defendants' legal position. As to being unduly prejudiced . . . justice may require some repetition of effort and . . . much of the work already done likely can be resubmitted with minimal additional expense and effort." *Molina v. Caliber Home Loans, Inc.*, No. 15-CV-757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016).

For these reasons:

1. The motion for leave to amend (Dkt. No. 41) and file a Third Amended Complaint is granted.
2. The motion for leave to amend (Dkt. No. 37) and file a Second Amended Complaint is denied as moot.
3. Defendants' pending motion for judgment on the pleadings (Dkt. No. 23) is denied.

4. Plaintiff shall file the proposed Third Amended Complaint via ECF by March 23, 2018.

5. Plaintiff is not permitted to file any further amendments or motions to amend.

6. Defendants may file a motion to dismiss the Third Amended Complaint by April 23, 2018. Any response is due 30 days thereafter; and a reply is due two weeks after a response. The parties' briefs should the issue of whether Plaintiff's RICO claim satisfies the "enterprise" requirement of 18 U.S.C. § 1962(c).

SO ORDERED.

/s/
Sanket J. Bulsara
United States Magistrate Judge

Brooklyn, New York
March 19, 2018